said *Boteler* told him he had taken the said negro man, and that the bill would be paid when it became due. The plaintiff offered another witness, who deposed, that in the summer of 1796 the said *Boteler* told him he had paid the money due on the said bill, to *Eastburn*, the other defendant, who would pay it over to him if applied to; that he wrote to the said *Eastburn* to send him the money, who returned for answer that the said negro man had never been taken, and that therefore he would not pay the bill. The defendant, *Eastburn*, by his counsel, then moved the court for their opinion and direction to the jury, that evidence of the confession of the defendant, *Boteler*, was no evidence to charge the defendant, *Eastburn*, in this action.

May 1799.

Lowe
vs.
Boteler and
Eastburn.

CHASE, Ch. J. *(a)* The court are of opinion, that the evidence of the confession of *Boteler*, one of the defendants, is legal and admissible to support this action against the other defendant, *Eastburn*.

The defendant, *Eastburn*, excepted, but no appeal was prosecuted.

*Shaaff*, for plaintiff.

*Mason*, for the defendants.

# GENERAL COURT, MAY TERM, 1799.

### SWEARINGEN *vs.* MAGRUDER.

APPEAL from Frederick county court, in an action of *replevin* brought by the present appellant; and *one fiela of rye*, containing 200 shocks was replevied and delivered to him. *Avowry.* That the defendant, as bailiff of his father, took the rye for *rent in arrear*, from one *Benjamin Beckwith*, under a demise from the father, &c. PLEAS. 1st. That the defendant, in his own wrong, and not as bailiff, made the distress. 2d. *Payment* of part of the rent in arrear. And 3d. as to the residue of the rent pretended to be in arrear, *Beckwith* assigned the residue of the term, &c. to the plaintiff, who tendered to the defendant the residue of the rent, and that the defendant refused to accept, &c. REPLICATIONS. To the *first* plea, that he took the rye as bailiff, &c. To the *second* plea, *nonpayment*; and to the *third* plea he did not refuse to accept, &c. Issues joined. *Verdicts* upon all the issues for the defendant, and 23*l.* current money, rent in arrear, found for the defendant. *Judgment* upon the verdict.

*(a)* *Duvall* and *Done*, J. concurring.

## BILL OF EXCEPTIONS.

MAY 1799.

Swearingen
vs.
Magruder.

The defendant, at the trial, made *cognizance* as bailiff of his father for rent arrear due to his said father. The plaintiff offered in evidence to the jury, by the constable who made the distress, that the distress upon which this action of replevin is grounded, was made by the constable, by the direction of the defendant, in the *name* of and *for the said defendant*, and for rent said to be in arrear and due to the said defendant.

The defendant then moved the court for their opinion and direction to the jury, that if the jury are of opinion that he the defendant, at the time he caused the said distress to be made, had authority from his father to distrain for rent due, (upon the place where the same was made,) to his said father, that he the defendant might well make cognizance as bailiff of his said father, notwithstanding the said distress had been made in the manner and in the right of him the defendant.

The County Court, [*Craik, Ch. J.*] gave the direction to the jury as moved. The plaintiff excepted, and brought the present appeal.

*Mason*, for the appellant.

*Shaaff*, for the appellee.

On argument in the General Court, the following cases were cited—1 *Ld. Ray.* 454 to 465. 2 *Leon.* 196. 4 *Bac. Ab.* 392.

THE GENERAL COURT *reversed* the judgment of the County Court, and awarded a writ of *procedendo*.

---

## GENERAL COURT, MAY TERM, 1799.

### BELT vs. PERRY.

TRESPASS *vi et armis*, for taking a *grey stud horse*, called *Shakspeare*, of the value of 200*l*. current money, and converting him, &c. The general issue pleaded.

The plaintiff, at the trial, offered *Joseph Magruder* as a witness, by whom he offered to prove, that the horse for which this suit is brought was the property of the plaintiff, and that a conditional contract was made between the plaintiff and witness for the said horse, which contract was afterwards cancelled. The plaintiff offered another witness, who deposed, that he had heard both the plaintiff and the witness, *Magruder*, about the time the contract was made, say that the contract for the said horse was a conditional bargain; that he afterwards heard them say that the said contract was cancelled. That the conversations which he heard from the plaintiff and *Ma-*