(Decided 19th January, 1872.)

---

## ICHABOD JEAN *vs.* RUDOLPH SPURRIER.

### *Distress—Regularity of proceedings.*

A distress warrant directed distress to be made to satisfy rent due J. as per account, which was made out in J.'s name and sworn to by him.   The warrant was signed by the Justice of the Peace before whom the affidavit was made with the letters " J. P." appended to the signature. HELD:

1st. That if the person signing the warrant was in fact the agent of the landlord, the warrant was a sufficient authority to the constable, although not signed in terms as agent, or for the landlord by name.

2d. That a distress made in the name of the landlord, even if made without precedent authority, is validated by his subsequent adoption and ratification.

Jean *vs.* Spurrier.

A distress is not vitiated by more rent being distrained for than is due; and the avowant may recover in the action of replevin what is actually due, where he alleges a larger sum in arrear than is so in fact.

In the affidavit accompanying a distress warrant, the amount of rent due was stated to be "two hundred and fifty ——;" and the annexed account was for $250. HELD:

That the omission of the word "dollars" in the affidavit, was cured by the account.

APPEAL from the Baltimore City Court.

The facts are given in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, ALVEY and ROBINSON, J.

*Orville Horwitz,* for the appellant.

The warrant of distress is sufficient in every respect.

Before the passage of the Act of 1834, no warrant was required. The landlord can still execute his own distress. And the requirement of a warrant where a bailiff is authorized, is only inferential under the Act. The statute does not require it to be in any particular form or signed by any special party. It is perfectly good if issued by the direction of the landlord, or it would seem if it afterwards receives his sanction. *Gilbert on Distress,* 32; *Duncan vs. Meikleham,* 3 *C. & P.,* 172; *Swearingen vs. Magruder,* 4 *H. & McH.,* 347.

In this case the distress was issued by the direction of the landlord; the name of Disney was signed to the warrant by authority of the landlord *and as his agent.*

The fact that the amount of rent distrained for was greater than the amount for which a distraint could that day be issued, does not render the distress void.

It has been settled again and again, that no action whatever can be maintained for distraining for more rent than was justly due and in arrear. *Woodfall's Landlord and Tenant,* 777; *Tancred vs. Leyland,* 16 *Q. B.,* 669, 20 *L. J. Q. B.,* 316; *Glyn vs. Thomas,* 11 *Ex.,* 870, 25 *L. J. Ex.,* 125.

The tenant, if he desires to avail himself of the error, must tender the amount due, with costs.

It follows then that the landlord is entitled to receive the amount actually due—and "this amount is always open to examination or proof on the action of replevin." *Cross vs. Tome*, 14 *Md.*, 257; *Forty vs. Imber*, 6 *East.*, 437.

*F. P. Stevens* and *R. J. Bouldin*, for the appellee,

Referred to *Code, Art.* 53, secs. 8, 16; *Taylor's Land. and Tenant*, 391, 573; *Joynes vs. Wartman*, 5 *Md.*, 195, and *Giles vs. Ebsworth*, 10 *Md.*, 333.

ALVEY, J., delivered the opinion of the Court.

This was an action of replevin instituted by the appellee against the appellant, and the latter having avowed the taking of the goods for rent in arrear, and given in evidence the distress proceeding, the only question raised by the exception of the appellant is as to the validity of the distress, which was decided by the Court below to be illegal and void. The record presents no question as to the sufficiency of the pleading, nor as to any variance between the pleadings and proof.

To the distress proceeding there are three objections taken by the appellee: 1st. That it was not made under a proper warrant from the appellant; 2d. That it was made for a larger amount of rent than was really due at the time, and was therefore void; and 3d. That the affidavit was defective in not stating the amount of rent claimed to be due, in dollars and cents, as required by the Code, Article 53, section 8.

1. The first objection taken is founded upon the fact that the warrant to Robinson, the constable, was not signed by the appellant, as landlord, but was signed by Disney, the justice of the peace before whom the affidavit to the account of rent was made. It is clearly shown, however, that the distress was made for and in the name of the appellant, as landlord, and the warrant itself directed the distress to be made to satisfy rent due the appellant, as per account, which was made

out in the name of, and sworn to by, the appellant. There was no mistake, therefore, in whose behalf the distress was made. It is clearly shown, moreover, that the appellant recognized, and in all respects treated, the distress as having been made by his authority, and as his act. The Code, Article 53, section 8, recognizes, in express terms, the right of the landlord to employ an agent to make the distress; and if Disney, who signed the warrant, was in fact the agent of the appellant, the warrant was sufficient authority to the constable, although not signed, in terms, as agent or for the landlord by name. The mere omission of the proper designation of the right character in which the party acted, does not vitiate the warrant and render the distress void, as seems to be supposed by the appellee. The statute does not require the warrant to be signed by the landlord himself, nor is there any particular form prescribed in which it shall be signed by the agent. It was, therefore, a simple question whether Disney was authorized and acted as the agent of the landlord in signing the warrant. His appending the "J. P." to his name is not inconsistent with the fact that he may have been acting as agent. Those letters may have been placed there from force of habit in signing his name officially, or from fancy, or some notion that an official designation imparted to the warrant some peculiar force and effect. He clearly had no authority, in his character of justice of the peace, to issue the warrant, and it is but fair to him to suppose that he did not issue it without some direction and authority, and although he may have attempted to give to it the import of an official act, that attempt was simply without effect of any kind.

But suppose there was an absence of any precedent authority to either Disney or Robinson to make the distress; seeing that it was made in the name and behalf of the appellant, his subsequent ratification and adoption of it would be all sufficient, provided the statutory forms were complied with. Such ratification would be effectual, not only as between the

appellant and the party assuming to act as agent, but as between the appellant and third persons; and such ratification, the distress being in the name of the appellant, would relate back to the time of the inception of the transaction, and have a complete retroactive efficacy; or, as the maxim expresses it, *omnis ratihabitio retrotrahitur*. *Story's Ag.*, secs. 244, 245. Such, said Lord Chief Justice TINDALL, in *Wilson vs. Tumman*, 6 *Man. & Grang.*, 236, "was the precise distinction taken in the Year-Book, 7 *Hen.*, 4, *fo.* 35—that if the bailiff took the heriot, claiming property in it himself, the subsequent agreement of the lord would not amount to a ratification of his authority, as bailiff at the time; but if he took it at the time, as bailiff of the lord, the subsequent ratification by the lord made him bailiff at the time." And in an *anonymous* case in *Godbolt's Reports*, 109, ANDERSON, C. J., said, "If one distrain as bailiff, although in truth he is not bailiff, if, after, *he in whose right he doth it*, doth assent to it, he shall not be punished as a trespasser, for that assent shall have relation unto the time of the distress taken." It was upon the distinction observed in these cases, that the case of *Swearingen vs. Magruder*, 4 *H. & McH.*, 347, was decided. And in the more recent case of *Whitehead vs. Taylor*, 10 *Adol. & El.*, 210, which was an action of replevin, in which the defendant justified in a cognisance as bailiff of an executor, for rent due to the testator, it appearing that the executor had given no authority for the distress, but which was recognized and adopted by him; Lord DENMAN, in delivering the opinion of the Court, said: "The executrix could ratify the act of the defendant, as testator's bailiff, though his authority was at an end; for she might have ratified the act of an entire stranger, as appears by the decision of ANDERSON, C. J., in which PERIAM concurred, in an *anonymous* case in *Godbolt's Reports*, 109, (before referred to,) cited in 4 *Vin. Abr.* 1, *Bailiff*, (D.) *pl.* 7. Such ratification has been held to legalize a past act, even when given after action brought." See also, *Potter vs. North*, 1 *Saund.*, 347, *C.*, note 4; *Brad. on*

*Dist.,* 151. The objection to the warrant, therefore, cannot be sustained.

2. Then, as to the second objection, founded upon the fact that there was more rent distrained for than was due, that we think is wholly untenable. The invariable practice has been sustained by authority, that where the avowant alleges a larger sum to be in arrear than is so in fact, he is allowed to recover the sum actually due, and for which the distress could be made. As, for example, where the avowry was for a half year's rent, and only a quarter's rent was due, the avowant was adjudged entitled to recover the quarter's rent. *Batty vs. Trevillion, Moore,* 281; *Harrison vs. Barnby,* 5 *T. Rep.,* 248; *Forty vs. Imber,* 6 *East.,* 435. And in the case of *Tancred vs. Leyland,* 16 *Q. B.,* 669, it was held, that the mere taking of goods in distress on a claim of more rent being in arrear than was in fact due, and selling them on such claim, was not actionable, because the landlord, in distraining for rent, is not bound by the amount for which he claims to distrain, and though he takes the goods, alleging at the time that he does so for an amount exceeding the real amount due, he may sell afterwards only for that which is really due. And that case was fully sustained, in the Exchequer Chamber, by the subsequent case of *Glyn vs. Thomas,* 11 *Exch.,* 870.

This right of the avowant to recover what is really due, irrespective of the amount for which the distress may have been taken, thus well established at the common law, has not been changed or modified by the statute. The amount of rent claimed is required to be stated and sworn to, to guard against excessive distresses, as far as the oath of the party will have that effect; but it does not follow that the whole distress is to be regarded as void, because of a mistake or a misapprehension on the part of the landlord, or his agent, as to the amount of rent really due, and for which a distress can be taken. The statute must have a reasonable construction; and it should not be more strict, certainly, than that given to

the statutes in regard to attachments; whereby the amount for which the attachment is sought, is required to be particularly stated in the affidavit of the plaintiff, and that too as being over and above all discounts, and yet, in construing these statutes, it has been repeatedly held, that it was no cause for quashing the attachment that it issued for more than was really due the plaintiff. *Dawson vs. Brown*, 12 *G. & J.*, 60; *Lee vs. Tinges*, 7 *Md.*, 215. And as in the case of an attachment the plaintiff can have judgment of condemnation for less than the amount stated in the affidavit, so in the case of a distress, where the landlord avows, "the amount actually due is always open to examination on proof, in the action of replevin." *Cross vs. Tome*, 14 *Md.*, 257.

3. As to the last objection, that in regard to the supposed defect in the affidavit, we have no difficulty in saying that it is not well founded. The affidavit is, in all respects, correct, except the omission of the word "dollars." The amount of rent stated in the affidavit to be due is the sum of two hundred and fifty-five ——; and we think there can be no possible mistake as to what was meant, when the affidavit is read in connection with the account, which it was intended to verify. That account was for two hundred and fifty-five dollars; and as the account, affidavit and warrant all go together, and are read together, with reference to each other, as parts of an entire proceeding, it requires but a reasonable and fair intendment to cure such a defect as exists in this affidavit.

*Judgment reversed and
new trial awarded.*

(Decided 25th January, 1872.)