## WILLIAM HAMILTON *vs.* HARMAN WINDOLF.

*Distress—Action of Trespass—Evidence in mitigation of Damages—Plea of License in Actions of Trespass.*

No action will lie for distraining for more rent than is due and in arrear.

In an action of trespass for an alleged injury to the plaintiff's wall by inserting joists into it, evidence by the defendant that the wall was so used by him in the erection of an adjoining building under an express parol agreement with the plaintiff, is not admissible under the general issue plea, in bar of the action, but is admissible in mitigation of damages.

Parol proof of a license specially pleaded to an action of trespass, is admissible in bar of the right to recover.

APPEAL from the Superior Court of Baltimore City.

In May, 1869, the appellant sub-leased to the appellee a lot of ground with the improvements, situate on the south side of McHenry street in the city of Baltimore, in consideration of the sum of $1,200, and the payment of the annual rent of $36. In September, 1869, the appellant commenced the erection of several houses on the ground to the west of the appellee's house. At the trial below, the appellant testified that before he built the house adjacent to the appellee's, the appellee entered into a verbal agreement with him to purchase said house after it should have been placed under roof, at the cost of erection and ten per cent. additional, and requested him to build no chimneys and to use the west wall of his, the appellee's, house; that in pursuance of this agreement he, the appellant, made use of the west wall of the appellee's house, building no east wall and no chimneys; that when the house was under roof he offered it to the appellee according to the agreement, but he declined to take it, alleging that he had no money to pay for it. Subsequently the appellant built chimneys to the house. In addition to the proof of the plaintiff set out in the opinion of the Court, he proved there were

about forty or forty-five joists inserted to the depth of four inches into his wall; that he had a new roof put on his house —the one on the front costing $48, and the one on the back building, $15. Suit was brought and a judgment for $140.96 recovered by the appellee against the appellant.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, GRASON, MILLER and ALVEY, J.

*William H. A. Hamilton* and *Richard Hamilton*, for the appellant.

The appellant was not bound to credit his account for rent, with any moneys that might be in his hands from proceeds of sales of the appellee's goods. *Barger vs. Collins,* 7 *H. & J.,* 213; *Wolgamot vs. Bruner,* 4 *H. & McH.,* 70; *Willson vs. Davenport,* 5 *C. & P.,* 531; *Bull's Nisi Prius,* 181.

The action of the Court in admitting the verbal evidence of a license from the appellee to the appellant to do the injuries mentioned in the second count of the declaration, only in mitigation of damages, and not as a bar to the trespass complained of in the said count, and in so instructing the jury, was error. The action was not for a specific performance of the contract set forth in the parol agreement, nor was it an action of *ejectment* to recover the land occupied by the house of the appellant, nor was it an action between third parties to the said parol agreement, nor an action on the case for the use of said west wall, but simply an action of trespass *quare clausum fregit, (even without a continuando,)* which trespass could not have been committed, because of the parol license acted upon by the appellant at great cost and expense before its withdrawal. Neither the Statute of Frauds nor the Registry Act could possibly exclude said evidence.

The license was a flat bar to the second count of the declaration; for it is hardly possible to conceive of a trespass upon one's lands when he invites you to enter and do the acts complained of. *Dark vs. Johnston,* 55 *Penna.,* 164; *Lacy vs.*

Hamilton *vs.* Windolf.

*Arnett,* 33 *Penna.,* 169; *Addison vs. Hack,* 2 *Gill,* 221; *Winter vs. Brockwell,* 8 *East,* 308; *Powell vs. Thomas,* 31 *Eng. Ch.,* 300; *Ricker vs. Kelly,* 1 *Greenleaf,* 117; *Clement vs. Durgin,* 5 *Greenleaf,* 1; *Le Fevre vs. Le Fevre, et al.,* 4 *S. & R.,* 241; *Carter vs. Page,* 4 *Iredel,* 424; *Rerick vs. Kern,* 14 *S. & R.,* 267; *Ameriscoggin Bridge Co. vs. Bragg,* 11 *N. H.,* 102.

The hypothesis of the plaintiff's first prayer is sustained by no evidence in the record, and under the decision in the case of the *State, use of Hardesty, vs. Hamilton,* 32 *Md.,* 354, the exception to the granting of that prayer must be sustained. There is no evidence of any statements made by the defendant or his agent or agents, "that he came to seize the goods, and did seize and make a list of certain goods of the plaintiff, and said that he would remove them unless the sum of $72, and the sum of $5.76 costs were paid." The prayer was objectionable for the reason that there was no proof to go to the jury of a distress, seizure, taking, or any thing (by which the plaintiff could have suffered any damages) ever having been done.

*C. D. McFarland,* for the appellee.

Under the pleadings in this case the testimony of the appellant as to the license from the appellee to use his wall was only admissible in mitigation of damages, and not as a bar to the action. This is an action of trespass. *Scott vs. Bay,* 3 *Md.,* 444; 9 *Bacon's Abridg., Title* 515, 516.

A license must be specially pleaded in trespass. 1 *Chitty on Pleadings,* 491, 505; *Cox vs. Painter,* 7 *Car. & P.,* 767; *Bennett vs. Allcott,* 2 *Term Rep.,* 166; *Gronour vs. Daniels,* 7 *Blackford,* 108; *Milman vs. Dolwell,* 2 *Campbell's N. P.,* 878.

The first prayer of the plaintiff was properly granted. An action is maintainable by a tenant against his landlord for distraining for more rent than is due. *Taylor's Landlord and Tenant, paragraph* 729.

The defendant's second prayer was properly refused, for the reason that this is an action of trespass, and license not having been pleaded it was not a bar to the action, besides, there was no proof offered touching the consent of the plaintiff to the damaging of his roof.

ALVEY, J., delivered the opinion of the Court.

The declaration in this case contains two counts; and in regard to the first of which it is rather difficult to determine whether it was intended to be in trespass for an illegal distress, or in case, for an excessive distress.   As intended for either form of action it is certainly very imperfectly drawn. The second count is for a direct injury done to the plaintiff's wall, and is framed in trespass.

The case was tried upon the general issue plea, that the defendant did not commit the wrongs alleged.

At the trial below seven exceptions were taken, but only two or three of which are important to be decided on this appeal.

The plaintiff gave in evidence, in support of the first count in his declaration, the sub-lease to himself from the defendant, dated the 3d of May, 1869, of the premises, in respect of which the rent was alleged to be due, whereby the plaintiff agreed to pay the defendant the yearly rent of $36, accounting the same from the first of January, 1869, in equal instalments of $18 each, on the 1st of January and July respectively, in every year during the continuance of the lease; the defendant reserving to himself the right of distress for any arrearages of the rent agreed to be paid.   The plaintiff also gave in evidence certain distress proceedings, dated the 17th of January, 1871, taken by the defendant against the goods of the plaintiff, for the sum of $72, rent alleged to be then in arrear under the lease to the plaintiff; and also proved, by the constable to whom the distress warrant was directed, that the same had been levied; but neither the schedule of the goods taken, nor their value, is made to appear.   The consta-

ble also proved that after levying the distress, the plaintiff had paid the amount of rent claimed to be due, without making any objection to it.

The plaintiff further proved, for the purpose of showing that the distress had been taken for more than was actually due, that the defendant had rendered him an account of the rent in arrear, in which a credit of $25 had been given, and that he was entitled to such credit for money received by the defendant to his, the plaintiff's use; thus reducing the amount of the rent claimed by the defendant, and for which he had taken the distress.

It is not claimed, nor pretended, by the plaintiff that no rent whatever was due for which distress could be taken. On the contrary, the point of grievance is, that distress was taken for more than was due, if proper credit had been given. Some rent, it is conceded, was due and in arrear.

Proceeding upon this theory of his rights, the plaintiff, by his first prayer, asked the Court to instruct the jury, which was done accordingly, that if they should find that the distress had been levied, as stated in the evidence, and that the defendant declared his purpose to remove the goods distrained, unless the rent claimed to be due was paid; and that the plaintiff did pay the amount of rent claimed, with the costs of distress; and should further find that the said sum of $72 *was not due and in arrear from the plaintiff to the defendant for rent;* then the plaintiff was entitled to recover, *under the first count in the declaration,* such actual damage as the jury might find the plaintiff to have sustained.

On the other hand, the defendant prayed the Court to instruct the jury, which was refused, that if they should find that the defendant distrained for more rent than was really due and owing, and that such distress was made as testified to by the constable Hayne, and others, then it was legal, and the plaintiff was not entitled to recover under the first count of the declaration.

The question thus presented, on the pleading and evidence, is, whether the distress, taken for a larger sum than was due at the time, (assuming such to be the case,) was legal, or whether it was void, rendering the defendant liable as for a trespass.

It will be observed that by the instruction given, the plaintiff became entitled to the verdict upon the finding by the jury of the fact that the distress had been made for $72, and that that precise amount was not due at the time. By showing the amount due to be less, however trifling less, than the amount for which the distress was levied, the plaintiff, under this instruction, became entitled to recover. This is clearly not justified by the law, as it is now well settled. The prayer of the defendant, as to the plaintiff's right to recover under the first count of the declaration, should have been granted.

In the case of *Taylor vs. Henniker*, 12 *Adol. & El.*, 488, (40 *Eng. C. L. R.*, 105,) it was decided by the Queen's Bench, notwithstanding some previous cases to the contrary, that a distress taken for more than was due was unlawful in its inception, and that an action would lie at Common Law for such a wrong. But that decision came to be deliberately reviewed in the case of *Tancred vs. Leyland*, 16 *Adol. & El.*, *N. S.*, 680, (71 *Eng. C. L. R.*,) and was overruled; and, in the last mentioned case, it was decided that the simple fact of making a distress for an amount larger than that really due, and selling the goods under such claim, is not actionable. This case of *Tancred vs. Leyland* has been followed by several others, after very full discussion of the question.

In the case of *Glynn vs. Thomas, in the Exch. Chamber,* 11 *Exch. Rep.*, 870, the declaration alleged that the plaintiff held certain premises as tenant to the defendant, and that the latter wrongfully distrained certain goods of the plaintiff, as a distress for an alleged amount of rent then due; and that the defendant wrongfully remained in possession of such goods, under color of the distress, until the plaintiff was compelled to pay, and did pay, to the defendant the pretended arrears of

rent and costs of the distress, in order to regain possession of the goods; whereas, in t.uth, only a small part of the pretended arrears of rent was due. It was held, after much consideration, that this declaration disclosed no cause of action; for as the distress was lawful, the defendant was entitled to a tender of the amount really due, and upon his refusal to accept that sum, the plaintiff's proper course was to replevy the goods. It was there said, however, to be clear law, as it undoubtedly is, that if the untrue claim had been followed by a sale of more of the goods taken than was sufficient to raise the amount of rent really in arrear, with legal charges, a sufficient cause of action would have arisen. In such case, the goods would not be subject to replevin after sale.

In reference to the taking and detention of the goods by the defendant, and the payment by the plaintiff of the amount of rent claimed to be due, in order to regain possession of his goods, the Court said: " It is alleged, however, in the count before us, that the plaintiff was compelled to make payment, and did make it, in order to regain possession of his goods; and this allegation being taken to be true, we must assume now such a state of facts as would have proved it, if put in issue. But the facts necessary for that purpose would be merely that the plaintiff demanded the goods, and that the defendant refused to deliver them, unless the alleged arrears with the charges of the distress were paid, and that the payment was made in consequence. Still this would not make the demand extortionate, or the payment such as could be recovered back in this form of action, unless from these facts it followed that the detention of the goods became unlawful. Now as some rent was ,due, the taking was lawful; and as the taking was lawful, so was the detention until the sum really due, with enough to cover the lawful charges, was tendered."

The declaration in the present case alleges that the distress was maliciously made; but that can make no difference; for in the case of *Stevenson vs. Newnham,* 13 *C. B.,* 297, an action against a landlord for distraining for more rent than was

really due, and where a similar allegation of malice was made, the Court said that such allegation was wholly immaterial, for an act which does not amount to a legal injury cannot be actionable because it may be done with a bad motive or intent.

The cases of *Tancred vs. Leyland* and *Glynn vs. Thomas* have both been recently referred to and sanctioned by this Court, in the case of *Jean vs. Spurrier*, 35 *Md.*, 110, where the question of the legality of a distress was involved.

There is but one other question of importance to be decided in this case, and that arises under the sixth exception, and also on the defendant's second prayer, contained in the seventh exception.

In regard to the alleged injury to the wall of the plaintiff, complained of as a trespass in the second count of the declaration, the defendant offered to prove, in bar of the right of action therefor, that such wall was used by him in the erection of an adjoining building, in the manner testified to, under and by authority of an express parol agreement with the plaintiff; the plaintiff agreeing and directing that the wall should be used in the manner it was by the defendant. But this evidence was excluded, as being insufficient under the pleadings, to bar the right to recover for the alleged trespass, but was admitted in mitigation of damages.

We think the Court committed no error in ruling as it did in regard to this question. The case was tried on the general issue plea alone. If license had been specially pleaded, as must be done in actions of trespass when the defendant seeks to justify by the authority of the plaintiff, or those under whom he claims, (1 *Chit. Pl.*, 491, 505,) the evidence offered would have been clearly admissible in bar of the right to recover. The right to maintain the plea of license by such evidence as was here offered, is fully sustained by the authorities; the Statute of Frauds in such case not applying. *Crosby vs. Wadsworth*, 6 *East.*, 611; *Carrington vs. Roots*, 2 *M. & Wels.*, 248; 2 *Greenl. Ev.*, sec. 628; *Crane vs. Gough*, 4 *Md.*,

316. But license from the plaintiff not having been specially pleaded, the evidence was inadmissible to defeat the action, under the general issue simply. It was properly admitted, however, in mitigation of damages.

It follows, from what we have said in reference to the admissibility of this evidence, that the defendant's second prayer was properly refused by the Court below.

The judgment will be reversed, and a new trial awarded.

*Judgment reversed and
new trial awarded.*

(Decided 19th June, 1872.)